IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                            Cr. No. 02-883 JP

RONALD ROGERS,

     Defendant.

MEMORANDUM OPINION AND ORDER

On October 2, 2002, the Defendant filed Defendant's Motion to Dismiss with Prejudice

Based on Violations of Speedy Trial Rights, Due Process Rights, and Eighth Amendment Rights

(Doc. No. 27).  On November 21, 2002, the Court held a hearing on the motion to dismiss.

Present at the hearing were Defendant's counsel John Robbenhaar and Assistant United States

Attorney John Gallagher.  The Defendant waived his right to be present at the hearing.  Waiver of

Defendant's Presence (Doc. No. 32), filed Nov. 20, 2002.  Having considered the briefs, relevant

law, and oral argument presented at the hearing, the Court finds that the motion to dismiss should

be granted and that the Indictment should be dismissed without prejudice.

A.  Background

On February 21, 2002, the Defendant was arrested and a criminal complaint filed.  The

Indictment was filed on May 29, 2002 and alleges that on February 20, 2002, the Defendant

assaulted Dr. Stephen Lewis, a federally employed psychiatrist.  The Indictment charges that the

Defendant violated 18 U.S.C. §111, assault on a federal officer.

On February 22, 2002, the Honorable Magistrate Judge Don Svet granted the Plaintiff's

Motion for Pre-Trial Psychiatric and Psychological Examination (Doc. No. 7) and ordered that

the Defendant undergo a psychiatric examination to determine the Defendant's competency to

stand trial.  Order for Pre-Trial Psychiatric and Psychological Examination (Doc. No. 8).  The

Defendant was subsequently evaluated at the United States Medical Facility for Federal Prisoners

in Springfield, Missouri.  The Defendant returned to New Mexico on April 13, 2002.  On May 10,

2002, a sealed forensic report (Doc. No. 10) from the Springfield facility was filed.  The report

stated that the Defendant was diagnosed as having paranoid schizophrenia with a "minimal factual

understanding of the case against him."  The report concluded that the Defendant was not

competent to stand trial but that certain treatment could help eliminate or reduce his symptoms.

On May 13, 2002, the Plaintiff filed an Unopposed Motion for Competency Hearing (Doc.

No. 9).  After conducting a competency hearing on June 3, 2002, Judge Svet entered on June 4,

2002 an Order of Commitment for Competency Treatment (Doc. No. 17) which ordered the

Defendant to receive treatment for a period not to exceed four months.  Judge Svet also ordered

the United States Marshal to make the necessary travel arrangements for the Defendant to receive

treatment.  The United States Marshal, however, did not transport the Defendant to the treatment

facility and the Defendant remained at the Santa Fe County Detention Center.  In late September

2002, the Plaintiff discovered that the Defendant had not been transported for treatment.  On

October 8, 2002, Judge Svet entered a Revised Order of Commitment for Competency Treatment

(Doc. No. 28) directing the Defendant to be transported for competency treatment and to have a

risk assessment performed to determine if the Defendant  poses a substantial risk of bodily injury

to another person or serious damage to the property of another.  As required by Judge Svet's

October 8, 2002 order, the Defendant has been transported to a facility to receive competency

treatment and the Defendant is scheduled to be discharged from the competency treatment on

February 16, 2003.  The trial in this case is currently set for December 11, 2002 but the parties

have agreed to file a motion to vacate the trial date.

B.  Discussion

The Defendant argues that the Indictment should be dismissed for several reasons.  The

Defendant argues that his Speedy Trial Act and Sixth Amendment rights were violated.  The

Defendant further argues that the continued detention at Santa Fe County Detention Center

violated his Fifth and Eighth Amendment rights.  The Defendant also argues that the appropriate

remedy would be to dismiss the Indictment with prejudice.

1.  The Speedy Trial Act

a.  The Burden of Proof Under the Speedy Trial Act

18 U.S.C. §3162(a)(2) states:  "The defendant  shall have the burden of proof of

supporting [a motion to dismiss the Indictment for violation of the Speedy Trial Act]...."

b.  The Thirty Days Between Filing of the Complaint and the Indictment

The Defendant argues first that 18 U.S.C. §3161(b) was violated.  18 U.S.C. §3161(b)

requires that an Indictment be filed within thirty days from the date a person "was arrested or

served with a  summons in connection with such charges."  Here, the Defendant was arrested on

February 21, 2002 and the Indictment was filed on May 29, 2002.  However, 18 U.S.C.

§3161(h)(1)(A) and (F) exclude from the thirty day period any "delay resulting from any

proceeding, including any examinations, to determine the mental competency or physical capacity

of the defendant" and any "delay resulting from any pretrial motion, from the filing of the motion

through the conclusion of the hearing on, or other prompt disposition of, such motion...."  "For

motions that require hearings, the delay need not be reasonably necessary."  *United States v.*

*Pasquale*, 25 F.3d 948, 950 (10th Cir. 1994)(citing *Henderson v. United States*, 476 U.S. 321,

330 (1986)).

During the period beginning February 22, 2002 and ending June 4, 2002, the Plaintiff filed

its motion for a competency examination, Judge Svet granted the Plaintiff's motion for a

competency hearing, the Defendant was evaluated at the Springfield facility, the Court received

the forensic report, Judge Svet held a competency hearing, and Judge Svet entered an order

committing the Defendant for competency treatment. That entire time period is excludable under

18 U.S.C. §3161(h)(1)(A) and (F).  *See United States v. Murphy*, 241 F.3d 447, 455-56 (6th Cir.

2001)(the "time associated with mental competency examinations are [sic] excluded from the

Speedy Trial clock")(citing *United States v. Noone*, 913 F.2d 20, 25-27 (1st Cir. 1990), *cert.*

*denied*, 500 U.S. 906 (1991)(time between the filing of a motion to determine competency and

the conclusion of the competency hearing is excludable); *United States v. Vasquez*, 918 F.2d 329,

333 (2d Cir. 1990)(time between filing of motion for psychiatric exam and receipt of competency

report by the court is excludable)).  Consequently, 18 U.S.C. §3161(b) was not violated.

> b.  The Seventy Days Between Filing of Complaint and Trial

The Defendant also argues that 18 U.S.C. §3161(c)(1) was violated. "The Speedy Trial

Act ... requires that a criminal defendant's trial commence within 70 days after his Indictment or

initial appearance, whichever is later." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir.1999)

(citing 18 U.S.C. § 3161(c)(1)).  However,  "[c]ertain periods of delay are excluded [under the

Speedy Trial Act] and do not count toward the 70-day limit." *Id*. (citing 18 U.S.C. §3161(h)(1)-

(9)).  Under §3162(a)(2), once the district court determines that seventy non-excludable days

have passed, the sanction is mandatory dismissal of the Indictment, and the only issue is whether

the dismissal is with or without prejudice. *United States v. Tsosie*, 966 F.2d 1357, 1358 (10th

Cir.), *cert. denied*, 506 U.S. 928 (1992).  The Defendant contends that the four month period

beginning June 4, 2002 and ending October 8, 2002 during which the Defendant was awaiting

transportation to his competency treatment should be counted for purposes of the Speedy Trial

Act.  The Plaintiff argues that 18 U.S.C. §3161(h)(1)(A) and (F) allow the Court to toll the time

for a trial until the Defendant finally completes his competency treatment and the Plaintiff's

competency motion is finally resolved.

The majority view is that a delay in transporting a defendant to a mental examination is not

automatically excluded under 18 U.S.C. §3161(h)(1)(A) and (F) but rather is considered under 18

U.S.C. §3161(h)(1)(H).[1]  *See United States v. Castle*, 906 F.2d 134, 138 (5th Cir. 1990)(citing

*United States v. Taylor*, 821 F.2d 1377, 1384 (9th Cir. 1987), *rev'd on other grounds*, 487 U.S.

326 (1988); *United States v. Jervey*, 630 F.Supp. 695, 697 (S.D.N.Y. 1986)); *Noone*, 913 F.2d at

25-26 (citing *Taylor*, 821 F.2d at 1384; *Jervey*, 630 F.Supp. at 697).  *But see Vasquez*, 918 F.2d

at 333 (delay of over eight months in transporting defendant to mental examination was

automatically excluded under 18 U.S.C. §3161(h)(1)(A) and (F)).  Accordingly, a delay in

transportation in excess of ten days is presumably an unreasonable delay which is non-excludable

for Speedy Trial Act purposes.  *Id.*  Applying this majority view, the period from June 18, 2002

---

[1]Section 3161(h)(1)(H) excludes "delay resulting from the transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable ...."

through October 8, 2002, a period of 112 days, is not excludable unless the Plaintiff can overcome the presumption that the delay is unreasonable.[2]  The Plaintiff has not overcome that presumption of unreasonableness.  The Speedy Trial Act was, therefore, violated.

      2.  The Sixth Amendment Right to Speedy Trial

In determining whether a defendant has been deprived of his constitutional right to a speedy trial under the Sixth Amendment, the Court should consider and balance the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  Of these factors, the length of the delay is the threshold consideration. *Id.* Only if the delay is "presumptively prejudicial" will the court need to consider the remaining factors.  *Hill*, 197 F.3d at 443-44 (citation omitted). While the Tenth Circuit has declined to draw a bright line delineating what length of delay is "presumptively prejudicial," *Castro v. Ward*, 138 F.3d 810, 819 (10th Cir.), *cert. denied*, 525 U.S. 971 (1998), it has acknowledged the United States Supreme Court's assessment that "lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year."  *Id.* (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

The Defendant argues that the length of delay is the four month period during which he awaited transportation to his competency treatment.  This delay is not sufficiently lengthy to be considered presumptively prejudicial.  Tr. 12-13.  However, the Court will nonetheless address

---

[2]The period from June 4, 2002 to June 18, 2002 was excluded because that period was the ten day transportation period allowed under §3161(h)(1)(H).  Intervening Saturdays, Sundays, and holidays are not counted in establishing the ten day transportation period. *See, e.g., United States v. Garrett*, 45 F.3d 1135, 1140 n.6 (7th Cir.), *cert. denied*, 514 U.S. 1134 (1995).

the remaining *Barker* factors for the sake of argument.  First, the four month delay was not

caused by any deliberate act to withhold the Defendant from receiving competency treatment but

rather was caused by some mixup that resulted in the United States Marshal not timely

transporting Defendant for treatment.  Furthermore, the Plaintiff did not cause the delay in

transportation.  In fact, as soon as the Plaintiff discovered the mixup, the Plaintiff brought the

situation to the attention of Defendant's counsel and the Court.  Second, the Defendant's counsel

asserted Defendant's right to a speedy trial soon after the Plaintiff notified Defendant's counsel

that the Defendant had not received the competency treatment ordered by Judge Svet on June 4,

2002.  Third, although the Defendant was prejudiced by not receiving competency treatment

during a four month period, there is no evidence that his mental condition had deteriorated during

the time.  The Court concludes that the totality of the evidence does not support a finding that the

Defendant's Sixth Amendment right to a speedy trial was violated.

    3.  The Fifth Amendment

  The Defendant argues that his prolonged detention without psychiatric treatment violates

his due process rights under the Fifth Amendment.  The due process clause of the Fifth

Amendment is implicated when prolonged pretrial detention is excessive and thereby punitive.

*United States v. Shareef*, 907 F.Supp. 1481, 1484 (D.Kan. 1995)(citing *United States v. Theron*,

782 F.2d 1510 (10th Cir. 1986)).  "There are no bright lines for determining the constitutional

limits on the length of time that the government may detain a person pending trial." *United States*

*v. Gonzales*, 995 F.Supp. 1299, 1303 (D.N.M.), *aff'd*, 149 F.3d 1192 (10th Cir. 1998)(citing

*United States v. Ojeda Rios*, 846 F.2d 167, 169 (2nd Cir. 1988)).  Consequently, the due process

issue is determined on a case-by-case basis. *Id.*  "[C]ourts should not look at length of detention,

without more, to determine due process issues, but should instead weigh the length of detention,

the extent to which the prosecution is responsible for the delay of trial, and the strength of

evidence upon which detention was based." *Id.* (citations omitted).  Here, the length of delay was

four months.  The Defendant admits that the four month delay "may not be an inordinate delay."

Tr. 15.  Moreover, the prosecution was not responsible for the delay.  Considering these factors,

the facts in this case do not support a Fifth Amendment violation.

       4.  The Eighth Amendment

      The Defendant argues that his prolonged detention without psychiatric treatment

constitutes cruel and unusual punishment under the Eighth Amendment. The conditions under

which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth

and Fourteenth Amendments, not the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535

& n.16 (1979).  "Although the Due Process Clause governs a pretrial detainee's claim of

unconstitutional conditions of confinement, the Eighth Amendment standard provides the

benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998) (citation

omitted). The Eighth Amendment requires jail officials "to provide humane conditions of

confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter,

and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v.
Pulsipher*, 143 F.3d 1299, 1310 (10th Cir.1998).

      To find that cruel and unusual punishment was inflicted upon a pretrial detainee, the Court

must find that two requirements consisting of a subjective and an objective component, are met.

*See id.* The subjective component is satisfied only if the " '[prison] official knows of and

disregards an excessive risk to inmate health and safety.' " *Barney*, 143 F.3d at 1310 (quoting

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "It is not enough to establish that the official should have known of the risk of harm." *Id*.  The objective component requires that the alleged deprivation be "sufficiently serious." *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Jail conditions may be " 'restrictive and even harsh' "  without violating constitutional rights. *Barney*, 143 F.3d at 1311 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[O]nly those deprivations denying the minimal civilized measure of life's necessities ... are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (internal quotation marks and citation omitted).  "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).  Moreover, the Court must examine not only the severity of the medical deprivations but also their duration. *See Barney,* 143 F.3d at 1311 ("An important factor in determining whether the conditions of confinement meet constitutional standards is the length of the incarceration.").   In this case, the Defendant's lack of mental treatment for a four month period does not rise to the level of cruel and unusual punishment.

     5.  Dismissal Under the Speedy Trial Act

     The Defendant argues that the Indictment should be dismissed with prejudice.  The Plaintiff argues that any dismissal should be without prejudice.  The Court's decision to dismiss an Indictment without or with prejudice for violation of the Speedy Trial Act is discretionary. *United States v. Jones*, 213 F.3d 1253, 1256 (10th Cir. 2000).  The factors the court must consider, among others, are "'the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Act] and on the administration of justice.'" *Id*. (quoting 18 U.S.C. §3161(a)(2)).  The court must

also consider the prejudice to the defendant. *Id*. at 1256-57 (citing *United States v. Taylor*, 487 U.S. 326, 333-34 (1988)).

### a. Seriousness of the Crime

The Defendant argues that the charge, assault on a federal employee, would be a misdemeanor or petty offense in state court and so is not serious. The Defendant also contends that under the sentencing guidelines the Defendant's possible sentence is only four to ten months. The Plaintiff notes, however, that under 18 U.S.C. §111 the maximum potential sentence is ten years incarceration, a fine of up to $250,000 and three years supervised release. The Court agrees with the Plaintiff's assessment of the seriousness of the crime. *See, e.g., United States v. Rodriguez*, 824 F.Supp. 657, 661 (W.D. Tex. 1993)(finding that assault on a federal employee is a serious offense). Consequently, the seriousness of the crime favors dismissal without prejudice.

### b. Facts and Circumstances Leading to the Dismissal

"In evaluating the circumstances precipitating the dismissal, the court is to focus 'on the culpability of the delay-producing conduct.'" *Jones*, 213 F.3d at 1257 (internal quotes omitted). Dismissal with prejudice is inappropriate if the delay "'is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government....'" *Id*. In this case, the Plaintiff was not the cause of the delay. When the delay is not attributable to the prosecution, dismissal with prejudice is not appropriate. *See United States v. Cardona-Rivera*, 64 F.3d 361, 363-64 (8th Cir. 1995)(when delay is attributable to the court, dismissal with prejudice is not favored). Moreover, "institutional delay" due to neglect, as was the case here, is not evidence of bad faith or a pattern of neglect on the part of the government or the prosecution but merely suggests an isolated episode of neglect. *See United States v. Killion*, 902 F.Supp. 1427, 1429 (D. Kan. 1995).

10

"Institutional delay" due to neglect does not make a dismissal with prejudice more appropriate.
*Id.*

> c.  Impact of Reprosecution on the Administration of Speedy Trial Act and on the Administration of Justice

The Defendant argues that the impact of reprosecution would be negligible considering that the offense would have been a misdemeanor but for the fact that the alleged victim was a federal employee.  The Defendant also argues that the Plaintiff informed the Court at the hearing that a conviction is not really its objective in this case thereby indicating that a dismissal with prejudice would have a minimal impact on the administration of justice.  Finally, the Defendant notes that if the Plaintiff refiles the charge in an information, the Defendant will file additional motions to dismiss.

The Plaintiff notes that the Tenth Circuit has found that "dismissal with prejudice is not the only method for a court to show that violations must be taken seriously.  A dismissal without prejudice requires the government to re-indict, may work to the disadvantage of the government on limitations grounds, and may make reprosecution less likely." *Jones*, 213 F.3d at 1257. The Plaintiff also contends that a dismissal with prejudice would have a negative impact on the administration of justice because the Defendant would be released without the treatment he was to receive under Judge Svet's October 8, 2002 order.  The Court agrees with the Plaintiff's arguments that the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice favors dismissal without prejudice.

d.  Prejudice to Defendant

The Defendant argues that he was prejudiced by being denied mental treatment for four months.  However, there is no evidence that the lack of treatment caused his mental condition to worsen.  Moreover, the Plaintiff argues that the ultimate outcome of this case may be dismissal for lack of competence.  Consequently, the Plaintiff concludes that there will be no material prejudice to the Defendant if this case is dismissed without prejudice.  Although the Defendant was prejudiced to some extent by not receiving more prompt mental treatment, that prejudice is insufficient to warrant a dismissal with prejudice.  In sum, the Indictment should be dismissed without prejudice.

IT IS ORDERED that:

1.  Defendant's Motion to Dismiss with Prejudice Based on Violations of Speedy Trial Rights, Due Process Rights, and Eighth Amendment Rights (Doc. No. 27) is granted; and

2.  the Indictment (Doc. No. 12), filed May 29, 2002 will be dismissed without prejudice.


_____
CHIEF UNITED STATES DISTRICT JUDGE